WINSTON P. HSIAO (SBN 273638)
winston.hsiao@skadden.com
RYNE C. POSEY (SBN 301981)
ryne.posey@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

CHRISTOPHER G. CLARK (*pro hac vice*)
christopher.clark@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Telephone:    (617) 573-4800
Facsimile:    (617) 573-4822

*Attorneys for Defendants*
Acrisure of California, LLC and Acrisure, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HAKOP ("JACK") PAPAZYAN, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>ACRISURE OF CALIFORNIA, LLC, a Michigan limited liability company; ACRISURE, LLC, a Michigan limited liability company; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | NO.: 2:26-cv-04714-JAK (MBKx)<br><br>**DEFENDANT ACRISURE OF CALIFORNIA, LLC AND ACRISURE, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**SEPARATE COVER:**<br><br>**DECLARATION OF WINSTON P. HSIAO;**<br><br>**[PROPOSED] ORDER.**<br><br>Date: June 8, 2026<br>Time: 8:30 a.m.<br>Courtroom: 10C – 10th Floor<br>Judge: John A. Kronstadt |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 8, 2026 at 8:30 a.m., in the courtroom of the Honorable Judge Kronstadt, located at 350 W. 1st Street, Courtroom 10C, 10th Floor, Los Angeles, California 90012, Defendants Acrisure of California, LLC and Acrisure, LLC (together, "Acrisure") will move the Court for an order dismissing Plaintiff Hakop Papazyan's ("Papazyan") Complaint.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Winston P. Hsiao, the [Proposed] Order, any oral argument heard by the Court, and such other matters as the Court may consider.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 8, 2026.

DATED: May 8, 2026                 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Winston P. Hsiao_____
Winston P. Hsiao
*Attorneys for Defendants*
Acrisure of California, LLC and Acrisure, LLC

i

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................. i

I.    PRELIMINARY STATEMENT ........................................................................1

II.    FACTUAL BACKGROUND...........................................................................2

    A.    Acrisure Acquires Papazyan's Business for Millions of Dollars.................2

    B.    As a Condition and Inducement to Closing the Acquisition, Papazyan Becomes an Acrisure Employee and Signs a Negotiated Employment Agreement Containing a Michigan Choice of Law and Forum Selection Clause...................................................................................2

    C.    In Violation of the Agreed Forum Selection Provision, Papazyan Improperly Files His Declaratory Judgment Action in California..............3

    D.    Acrisure Filed Two Actions In The Agreed-Upon Michigan Forum, Which Have Rapidly Progressed .......................................................3

III.    THE COURT SHOULD DISMISS ALL FIVE CAUSES OF ACTION FOR DECLARATORY RELIEF ...........................................................................5

IV.    CONCLUSION..........................................................................................8

## I.    PRELIMINARY STATEMENT[1]

Defendants Acrisure of California, LLC and Acrisure, LLC (together, "Acrisure") brings this Motion to Dismiss Plaintiff Hakop Papazyan's ("Papazyan" or "Plaintiff") Complaint (the "Complaint" or "Compl.," Dkt. No. 1-2). This Motion to Dismiss is brought in the alternative to Acrisure's previously filed Motion to Transfer pursuant to 28 U.S.C. § 1404 (the "Transfer Motion," Dkt. No. 14.)[2] For all the reasons discussed in the Transfer Motion, the Court should transfer this employment dispute between Papazyan and his former employer Acrisure (the "Action") to the Western District of Michigan pursuant to a contractual forum selection clause between the parties—a clause that Papazyan, who was represented by independent counsel, voluntarily agreed to after negotiations and in exchange for millions of dollars in consideration paid by Acrisure to Papazyan. The Court should reject Papazyan's attempts to evade his contractual obligations by wrongfully bringing this Action in California instead of the agreed forum where it contractually belongs, in Michigan.

The Court also should dismiss all of the claims in the Complaint—five standalone claims for declaratory relief—for the simple reason that standalone claims for declaratory relief are not cognizable causes of action under federal law. *See, e.g.*, *Leigh-Pink v. Rio Props., LLC*, 849 F. App'x 628, 630 (9th Cir. 2021) (affirming dismissal of claim for "declaratory relief" because "[t]he Declaratory Judgment Act, 28 U.S.C. § 2201, creates only a remedy, not a cause of action").

---

[1] Unless otherwise noted, all emphasis is added, and all internal citations, quotation marks, and alterations are omitted for the reader's convenience.

[2] In the interests of justice, the Court should adjudicate Acrisure's Transfer Motion first, before reaching this Motion to Dismiss. *See Phoong L. Corp. v. Primary Wave Media, LLC*, No. 2:25-cv-00840-JLS-AGR, 2025 WL 2087557, at *3 (C.D. Cal. June 6, 2025) ("The Court proceeds to first consider [defendant's] Motion to Transfer" prior to its motion to dismiss); *Byer v. Johnson*, No. 2:24-cv-09024-SB-MAR, 2025 WL 1766347, at *1 (C.D. Cal. Mar. 20, 2025) ("The Court first considers whether transfer is warranted . . . ."); *Hamer v. JP Morgan Chase Long-Term Disability Benefit Plan*, No. 22-cv-06886-LB, 2023 WL 4053801, at *4 (N.D. Cal. June 16, 2023) ("The court transfers the case to the District of Connecticut and declines to decide the motion to dismiss. . . . courts regularly defer them for the transferee court to decide."); *Doe v. Spahn*, No. 21-cv-04007-LB, 2021 WL 6052088, at *8 (N.D. Cal. Dec. 21, 2021) ("The court transfers the case to the District of Columbia under § 1404(a) and—as the government suggests—does not decide the government's motion to dismiss and strike the class claims so that those issues can be decided by the transferee court.").

## II.   FACTUAL BACKGROUND

### A.   Acrisure Acquires Papazyan's Business for Millions of Dollars

Acrisure is a global fintech leader based in Grand Rapids, Michigan, with offices throughout the United States. (Compl. ¶¶ 13-14.)

In 2010, Papazyan founded an insurance brokerage firm, Gain Insurance Agency ("GIA"), and ran that business as its executive for many years. (*Id*. ¶¶ 1, 21.) In August 2020, Acrisure purchased all of the assets of GIA through an asset purchase agreement ("Asset Purchase Agreement"). (*Id.* ¶¶ 2, 16.)

### B.   As a Condition and Inducement to Closing the Acquisition, Papazyan Becomes an Acrisure Employee and Signs a Negotiated Employment Agreement Containing a Michigan Choice of Law and Forum Selection Clause

As a condition of and inducement to closing of the acquisition, Papazyan contemporaneously entered into an employment agreement with Acrisure (the "Employment Agreement"). (Compl. ¶ 2.)

The Employment Agreement contains an express, mandatory Michigan forum selection clause, as well as a Michigan choice-of-law provision. Specifically, in Section 17(d) of the Employment Agreement, Papazyan agreed that all actions related to the Employment Agreement for which a party seeks injunctive or equitable relief shall be brought only in a Michigan court, and if in federal court, specifically the Western District of Michigan:

> All actions or proceedings arising from or related to this Agreement and for which a party seeks injunctive or equitable relief shall be brought ***only*** in a state court of competent subject matter jurisdiction in Kent County, Michigan, ***or in the federal courts of competent subject matter jurisdiction in the Western District of Michigan, Southern Division.*** Each party expressly and irrevocably consents to personal jurisdiction and venue in such courts, and agrees not to object to such jurisdiction or venue on the ground *of forum non conveniens* or otherwise.

(*Id.* Ex. C § 17(d).)

Papazyan agreed in the same Section 17(d) of the Employment Agreement that Michigan law shall control:

2

> The terms and conditions of this Agreement shall be governed, construed, interpreted and enforced in accordance with the domestic laws of the State of Michigan, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Michigan or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Michigan.

(*Id.*)

### C.   In Violation of the Agreed Forum Selection Provision, Papazyan Improperly Files His Declaratory Judgment Action in California

On April 9, 2026, Papazyan abruptly resigned from his position at Acrisure. (Compl. ¶¶ 5, 41-42.) Papazyan did not provide Acrisure with any written notice, let alone the 45 days that he previously agreed to provide Acrisure per his Employment Agreement, thereby violating the notice provision in his Employment Agreement. (*Id.*; *see also id.* Ex. C § 8(a)(i).) Immediately following his resignation, Papazyan accepted employment with Howden U.S. ("Howden"), a direct competitor of Acrisure. Papazyan acknowledges this violates the Restrictive Covenants yet seeks "to freely engage in the profession" and rely on "the valuable professional relationships" that Acrisure paid millions to acquire. (Compl. ¶¶ 8, 48.)

Immediately after his resignation, on April 13, 2026, Papazyan filed this anticipatory lawsuit in California state court, violating the Michigan forum selection clause in the Employment Agreement. Papazyan's Complaint contains five standalone causes of action for declaratory relief. Specifically, Plaintiff seeks judicial declaration that would invalidate (i) the non-compete provisions in the Asset Purchase Agreement (*Id.* ¶¶ 58-65), (ii) the choice-of-law and forum-selection provisions in the Employment Agreement (*id.* ¶¶ 66-74), (iii) the employee non-solicit provisions in the Employment Agreement (*id.* ¶¶ 75-81), (iv) the client non-solicit provisions in the Employment Agreement (*id.* ¶¶ 82-88), and (v) the non-compete provisions in the Employment Agreement (*id.* ¶¶ 89-95).

### D.   Acrisure Filed Two Actions In The Agreed-Upon Michigan Forum, Which Have Rapidly Progressed

On April 14, 2026, Acrisure filed an action in the United States District Court

3

for the Western District of Michigan—the agreed forum and the District in which Acrisure is domiciled—to enjoin Papazyan from continuing to breach his non-competition and non-solicitation obligations under the parties' agreements, case captioned *Acrisure of California, LLC v. Papazyan*, No. 1:26-cv-01213 (the "Michigan Action"). The Michigan Action has proceeded expeditiously since its inception, as reflected in a docket encompassing approximately 50 entries.[3] Highlights of that action to date include the following events:

1. On April 14, 2026, Acrisure filed a complaint for injunctive and declaratory relief. (Michigan Action, Dkt. No. 1.)

2. On April 27, 2026, Acrisure filed a motion for a temporary restraining order ("TRO"). (Michigan Action, Dkt. No. 13.) That same day, the Michigan Court entered a TRO against Papazyan. (Michigan Action, Dkt. No. 23.)

3. On April 28, 2026, Papazyan filed a motion to dissolve the TRO. (Michigan Action, Dkt. No. 26.) The Michigan Court denied Papazyan's motion. (Michigan Action, Dkt. No. 42.)

4. On May 4, 2026, Acrisure filed a motion for preliminary injunction and limited expedited discovery. (Michigan Action, Dkt. Nos. 37, 39.)

5. On May 6, 2026, the Michigan Court granted Acrisure's motion for limited expedited discovery. (Michigan Action, Dkt. No. 44.) In addition, the Michigan Court entered a separate order extending the TRO against Papazyan and setting a briefing schedule and oral argument on Acrisure's motion for preliminary injunction. (Michigan Action, Dkt. No. 46.)

6. On May 8, 2026, the parties in the Michigan Action filed a stipulation

---

[3] Courts regularly take judicial notice of the content of court filings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings . . . ."); *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115, 1122 (C.D. Cal. 2020) (same); *In re Am. Apparel, Inc. 2014 Derivative S'holder Litig.*, No. CV-14-05230-MWF (JEMx), 2015 WL 12724070, at *11 (C.D. Cal. Apr. 28, 2015) (taking judicial notice of "the contents of the court filings in the other actions" because "[c]ourt filings are matters of public record, and thus are proper subjects of judicial notice"), *aff'd*, 696 F. App'x 848 (9th Cir. 2017).

4

which extended Papazyan's document production to May 11, 2026, and set Papazyan's deposition for either May 14 or 15, 2026. (Michigan Action, Dkt. No. 48.)[4]

On May 1, 2026, Acrisure removed Papazyan's improperly filed state court action to this Court. (Dkt. No. 1.) On May 4, 2026, Papazyan filed an *ex parte* application (the "Application") for a temporary restraining order, seeking to enjoin Acrisure from enforcing the Restrictive Covenants, including by preventing it from continuing the Michigan Action. (Dkt. No. 9.) On May 5, 2026, Acrisure filed an opposition to the Application and also filed a motion to transfer this Action to the Western District of Michigan. (Dkt. Nos. 14, 15.)

## III. THE COURT SHOULD DISMISS ALL FIVE CAUSES OF ACTION FOR DECLARATORY RELIEF

The Court should dismiss all five of Papazyan's causes of action for declaratory relief because such a cause of action does not exist under federal law.

Federal procedural law applies to Papazyan's claims for declaratory relief. *See Steen v. Am. Nat'l Ins. Co.*, No. 2:20-cv-11226-ODW (SKx), 2023 WL 4004192, at *8 (C.D. Cal. June 14, 2023) ("When, as here, a court sitting in diversity is asked to render declaratory relief, that court should apply the federal Declaratory Judgment Act, even if the claim is brought in the name of the California Declaratory Relief Act."); *U.S. Bank Tr., Nat'l Ass'n v. Lindsey*, No. LA CV14-05032 JAK (RZx), 2014 WL 12561098, at *7 n.6 (C.D. Cal. Nov. 21, 2014) ("When a declaratory relief action under California law is removed, it is analyzed under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, rather than the corresponding state statute—here Cal. Code Civ. Proc. § 1060 . . . ."); *Dias v. Spartan Micro, Inc.*, No. 8:22-cv-00834-JVS (KES), 2022 WL 17216820, at *7 (C.D. Cal. Sep. 14, 2022) (same); *Gilliam v. Bank of Am.,*

---

[4] Acrisure also filed an action in the Western District of Michigan against another former employee who departed Acrisure to join Howden in violation of substantially similar contractual obligations. *Acrisure of California, LLC v. Plotzker*, No. 1:26-cv-01227 (W.D. Mich.). That action arises out of the same pattern of employee departures to Howden underlying the Michigan Action and this Action.

*N.A.*, No. SA CV 17-1296-DOC (JPRx), 2018 WL 6537160, at *16 (C.D. Cal. June 22, 2018) (same).[5]

Under federal procedural law, it is well established that declaratory judgment constitutes a type of equitable relief, and provides no basis for a standalone cause of action. *See Leigh-Pink*, 849 F. App'x at 630 ("The district court did not err in dismissing the claim for 'declaratory relief.' The Declaratory Judgment Act, 28 U.S.C. § 2201, creates only a remedy, not a cause of action."). Accordingly, courts in this District routinely dismiss standalone claims for declaratory relief. *See, e.g.*, *Chen v. JPMorgan Chase Bank, N.A.*, 745 F. Supp. 3d 1025, 1036-37 (C.D. Cal. 2024) (dismissing plaintiff's standalone declaratory relief claim because declaratory relief "cannot, on its own, support an action"); *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 833 (C.D. Cal. 2020) (same); *see also Ochoa v. City of Los Angeles*, No. 2:20-CV-06963-AB-AGR, 2025 WL 3248088, at *14 (C.D. Cal. Aug. 11, 2025) (same); *K8 Inv. Holdings, LLC v. City of Baldwin Park*, No. CV 23-2428-KK-PVCx, 2024 WL 4800087, at *14 (C.D. Cal. Jan. 31, 2024) (same); *Warren v. Specialized Loan Servicing, LLC*, No. 5:23-cv-00887-SPG-SHK, 2023 WL 8870573, at *5 (C.D. Cal. Oct. 24, 2023) (same); *Lobstein v. Wash. Mut. Mortg. Pass-Through Certs. WMALT Series 2007-OC1*, No. 2:19-cv-07615-SVW-JPR, 2020 WL 5913897, at *4 (C.D. Cal. Aug. 27, 2020) (same), *aff'd*, No. 20-55998, 2021 WL 5405488 (9th Cir. Nov. 18, 2021); *Mehta v. Wells Fargo Bank, N.A.*, No. CV 17-02532-AB (SSx), 2018 WL 5880758, at *4 (C.D. Cal. Feb. 6, 2018) (same); *Layton v. Ocwen Loan Servicing, LLC*, No. EDCV 15–840–GW(Ex), 2015 WL 4512015, at *6 (C.D. Cal. July 23, 2015) (same); *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908 DOC (ANx), 2012 WL 294936, at *4 (C.D. Cal. Feb. 1, 2012) ("A claim for declaratory relief is not a stand-alone claim.").

---

[5] *See also Cruz v. Select Portfolio Servicing, Inc.*, No. 19-CV-00283-LHK, 2019 WL 2299857, at *7 (N.D. Cal. May 30, 2019) (discussing cases and noting that "the Ninth Circuit has indicated . . . that the federal Declaratory Judgment Act should apply" in diversity cases); *Columbia Cas. Co. v. Fed. Ins. Co.*, No. 13-cv-01014-HSG, 2015 WL 4734704, at *2 n.1 (N.D. Cal. Aug. 10, 2015) (analyzing declaratory relief cause of action under federal Declaratory Judgment Act in diversity action).

California federal courts outside this District also hold the same. *See Bailey Venture Partners XVI, LLC v. Myall*, No. 22-cv-05874-SK, 2023 WL 1420429, at \*2 (N.D. Cal. Jan. 17, 2023) (granting motion to dismiss and holding that "declaratory relief is not a standalone cause of action"); *Little v. Pac. Seafood Procurement, LLC*, No. 23-cv-01098-AGT, 2024 WL 2305603, at \*5 (N.D. Cal. May 21, 2024) (dismissing "declaratory judgment" claim without leave to amend); *Acosta v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 22-cv-03621-JST, 2023 WL 3579322, at \*3 (N.D. Cal. Feb. 9, 2023) (same); *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 861 (N.D. Cal. 2023) (same); *Worldwide Media, Inc. v. Twitter, Inc.*, No. 17-cv-07335-VKD, 2018 WL 5304852, at \*13 (N.D. Cal. Oct. 24, 2018) (same); *Sowinski v. Wells Fargo Bank, N.A.*, No. 11-6431-SC, 2012 WL 5904711, at \*1 (N.D. Cal. Nov. 26, 2012) (same); *Marin v. Carroll*, No. 21-CV-1453-JLS (DEB), 2021 WL 3726009, at \*5 (S.D. Cal. Aug. 23, 2021) ("However, declaratory relief, injunctive relief, and damages are remedies rather than standalone claims. . . . This alone merits dismissal[.]").[6]

---

[6] The Ninth Circuit's unpublished memorandum disposition in *Marks v. UMG Recordings, Inc.*, No. 22-55453, 2023 WL 4532774 (9th Cir. July 13, 2023)—in which the court permitted a declaratory relief claim to proceed under California substantive law—does not counsel otherwise. As a threshold matter, *Marks* is unpublished and therefore not precedential under Ninth Circuit Rule 36-3, and there is no reason to follow *Marks* but not the also unpublished Ninth Circuit decision in *Leigh-Pink*, 849 F. App'x at 630, that holds to the contrary. *See, e.g., Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 14 F.4th 916, 932 n.6 (9th Cir. 2021) ("Unpublished dispositions are not precedential."). Because the Ninth Circuit has not decided this issue in a published decision, this Court should follow "most[] other district courts in the Ninth Circuit [and] apply federal law via the Declaratory Judgment Act." *Gilliam*, 2018 WL 6537160, at \*16; *see also Dias*, 2022 WL 17216820, at \*7 (C.D. Cal. Sep. 14, 2022) (same). Even considering this non-precedential decision, *Marks* confirms the rule requiring dismissal here. In *Marks*, the court dismissed every substantive claim—breach of contract, fraud, breach of the implied covenant, accounting, account stated, and Business and Professions Code violations—yet permitted the declaratory relief claim to survive only because the plaintiff had identified an independent, recognized substantive legal doctrine (frustration of purpose and statutory rescission) that gave the request for judicial declaration independent substantive content. 2023 WL 4532774, at \*3–4. *Marks* thus aligns with the overwhelming weight of authority holding that a plaintiff "cannot obtain declaratory relief without pleading a valid underlying claim." *Mehta*, 2018 WL 5880758, at \*4; *see also Layton*, 2015 WL 4512015, at \*6 (same). Here, by contrast, Papazyan identifies no independent substantive theory whatsoever. He does not invoke frustration of purpose, rescission, illegality, unconscionability, or any other recognized claim or defense. Instead, each of his five causes of action is a naked request for a judicial declaration that certain contractual provisions are unenforceable—which is not a substantive cause of action, but a remedy that must be tethered to one.

Here, each cause of action in Papazyan's Complaint purports to assert a standalone claim for declaratory relief. (*See* Compl. ¶¶ 58-65, 66-74, 75-81, 82-88, 89-95.) Accordingly, all five of Papazyan's causes of action do not exist under federal procedural law and should be dismissed with prejudice. *See Chen*, 745 F. Supp. 3d at 1036–37; *10E*, 483 F. Supp. 3d at 833; *Ochoa*, 2025 WL 3248088, at \*14; *K8 Inv. Holdings*, 2024 WL 4800087, at \*14; *Warren*, 2023 WL 8870573, at \*5; *Lobstein*, 2020 WL 5913897, at \*4; *Mehta*, 2018 WL 5880758, at \*4; *Layton*, 2015 WL 4512015, at \*6; *Nguyen*, 2012 WL 294936, at \*4.[7]

## IV.    CONCLUSION

For these reasons, the Court should dismiss Papazyan's five causes of action for declaratory relief with prejudice.

DATED: May 8, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By:_____/s/ Winston P. Hsiao_____
Winston P. Hsiao
*Attorneys for Defendants*
Acrisure of California, LLC and Acrisure, LLC

---

[7] Even if the Court were to apply state procedural law, California federal courts dismiss standalone claims for declaratory relief in that context as well. *See, e.g.*, *Martin v. Wells Fargo Bank, N.A.*, No. 18-cv-05119-VKD, 2018 WL 6613834, at \*9 (N.D. Cal. Nov. 12, 2018) (recommending dismissing declaratory relief claim because plaintiff "ha[d] not stated any claim for relief," and citing Cal. Code Civ. P. § 1060 in reasoning that "a request for declaratory relief is not a stand-alone claim, but requires some other substantive basis for liability"), *report and recommendation adopted*, No. 5:18-cv-05119-EJD, 2019 WL 95931 (N.D. Cal. Jan. 3, 2019), *aff'd*, No. 20-16365, 2022 WL 3594268 (9th Cir. Aug. 23, 2022); *Avila v. Bank of Am.*, No. 17-cv-00222-HSG, 2017 WL 4168534, at \*6 (N.D. Cal. Sep. 20, 2017) (citing Cal. Code Civ. P. § 1060 and holding "declaratory relief is not a stand-alone claim, but rather requires Plaintiff to state some other substantive basis for liability").

8

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Acrisure of California, LLC and Acrisure, LLC, certifies that this brief contains 3,017 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 8, 2026          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:                  /s/ Winston P. Hsiao
                     Winston P. Hsiao
                   *Attorneys for Defendants*
          Acrisure of California, LLC and Acrisure, LLC

9