UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER RE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. 9)**

I.      **Introduction**

On April 13, 2026, Hakop "Jack" Papazyan ("Plaintiff") filed this action against Acrisure of California, LLC, and Acrisure, LLC (together "Defendants") and Does 1 through 10 in the Los Angeles Superior Court. Dkt. 1-2 ("Complaint"). The Complaint seeks the entry of a declaratory judgment as to the claims advanced in each of its five causes of action: (1) the Restrictive Covenants of the Asset Purchase Agreement Are Expired, *id.* ¶¶ 58–65; (2) Unenforceability of the Employment Agreement's Forum Selection and Choice of Law provisions, *id.* ¶¶ 66–74; (3) Unenforceability of the Employment Agreement's Employee Non-Solicitation Provision, *id.* ¶¶ 75–81; (4) Unenforceability of the Employment Agreement's Client Non-Solicitation Restrictive Covenant, *id.* ¶¶ 82–88; and (5) Unenforceability of the Employment Agreement's Non-Compete Restrictive Covenant, *id.* ¶¶ 89–95. On May 1, 2026, Acrisure removed the action on the basis of diversity jurisdiction. Dkt. 1.

On April 14, 2026, the day after Plaintiff filed this action, and before it was removed, Acrisure of California filed a parallel action in the U.S. District Court in the Western District of Michigan. *Acrisure of California, LLC v. Papazyan*, No. 26-CV-1213 (W.D. Mich.) ("Michigan Action"). On April 27, 2026, in the Michigan Action, Acrisure of California filed a Motion for a Temporary Restraining Order ("TRO") seeking an order that would enjoin Plaintiff from his alleged violation of his non-competition covenants in the Employment Agreement between Acrisure of California and Plaintiff ("Employment Agreement"), or the Asset Purchase Agreement between Acrisure of California and Papazyan ("APA"). Michigan Action Dkt. 13. Also on April 27, 2026, the District Court in the Michigan Action granted the TRO. Michigan Action Dkt. 23. Plaintiff had not filed any opposition to the TRO prior to its issuance.

On April 28, 2026, Plaintiff filed an Emergency Motion in the Michigan Action, seeking relief from the TRO. Michigan Action Dkt. 26. On April 30, 2026, counsel for Plaintiff contacted counsel for Defendants and provided notice that Plaintiff intended to file an ex parte application for the issuance of a temporary restraining order in this action, which was then pending in the Los Angeles Superior Court. Dkt. 9-1 at 9.

On May 4, 2026, which was after this action was removed, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction. Dkt. 9 ("Application"). The Application seeks to enjoin Defendants from taking any of the following actions: (i) attempting to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

enforce any non-competition or non-solicitation provision in agreements entered into between Acrisure of California and Plaintiff, including but not limited to provisions contained in the APA and Employment Agreement; and (ii) interfering or attempting to disrupt or terminate Plaintiff's employment relationship with Howden U.S. Services, LLC ("Howden"). *Id.* at 2.

Also on May 4, 2026, Acrisure of California filed a Motion for Preliminary Injunction ("Motion for Preliminary Injunction") in the Michigan Action. Michigan Action Dkt. 37. On May 5, 2026, the District Court in the Michigan Action denied Plaintiff's April 28, 2026 Emergency Motion for relief from the TRO issued in that action. Michigan Action Dkt. 42.

On May 5, 2026, the District Court in the Michigan Action granted Acrisure's motion to expedite certain discovery with respect to proceedings on the Motion for Preliminary Injunction. Michigan Action Dkt. 44. Also on May 5, 2026, Defendants filed a Motion to Transfer this action to the Western District of Michigan. Dkt. 14. That motion is scheduled to be heard on June 8, 2026.

On May 6, 2026, the District Court in the Michigan Action extended the duration of the TRO to May 26, 2026, and set a hearing on the Motion for Preliminary Injunction brought by Acrisure of California for May 22, 2026. Dkt. 46. At the request of Acrisure of California, the hearing was later continued, to May 26, 2026. Dkt. 123. On May 26, 2026, the District Court in the Michigan Action conducted the hearing on Acrisure's Motion for Preliminary Injunction. Dkt. 129. That motion was granted, and a preliminary injunction issued. Dkts. 131, 132.

On May 8, 2026, Defendants filed a Motion to Dismiss this action. Dkt. 21.

On May 13, 2026, Plaintiff filed a second Ex Parte Application for Temporary Restraining Order in this action. Dkt. 22 ("Second Application"). The Second Application seeks the same relief as the Application, but contends that the matter has become more exigent because the District Court in the Western District of Michigan extended the duration of the TRO and authorized expedited discovery in that action with respect to the Motion for Preliminary Injunction. *Id.* at 6. It seeks a hearing as soon as the matter may be heard. *Id.* at 2. On May 14, 2026, Defendants filed an Opposition to the Second Application. Dkt. 25.

On May 18, 2026, Plaintiff filed an Opposition to Defendants' Motion to Transfer. Dkt. 26.

Pursuant to Local Rule 7-15, it has been determined that the Application may be decided without a hearing. For the reasons stated in this Order, the Application is **DENIED**.

## II.     Background

### A.     The Parties

Plaintiff is a resident of Glendale, California. Dkt. 1-2 at 5 ¶ 12. Acrisure, LLC, is a Michigan limited liability company that is wholly owned by Acrisure Intermediate, Inc., a Delaware corporation whose principal place of business is in Michigan. Dkt. 3. Acrisure of California, LLC, is wholly owned by Acrisure, LLC, and is, therefore, also a citizen of Delaware and Michigan. Dkt. 1 at 6 ¶ 16; Dkt. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

  B.  Allegations in the Complaint and Notice of Removal

Plaintiff is a senior insurance industry executive with more than 26 years of experience in the insurance industry. Dkt. 1-2 at 3 ¶ 1. Prior to his employment at Acrisure, Plaintiff owned Gain Insurance Agency ("GIA"), which he co-founded in or about 2010. *Id.* It grew and became a profitable insurance brokerage enterprise. *Id.*

On or about August 1, 2020, Plaintiff, GIA, Acrisure of California, Acrisure, LLC, and a colleague of Plaintiff entered into an Asset Purchase Agreement, pursuant to which Acrisure of California agreed to purchase substantially all of the assets of GIA. *Id.* ¶ 2. At about the same time, and as a condition of the acquisition, Plaintiff entered into Employment Agreement with Acrisure.

On April 9, 2026, Plaintiff provided Acrisure with written notice of his intent to resign. *Id.* At that time, his title was Senior Vice President of Transportation. *Id.* In accordance with the Employment Agreement, Plaintiff agreed to remain employed by Acrisure for an additional 45 day transition period. *Id.* Dkt. 1-2 ¶ 5. However, on April 9, 2026, Acrisure severed Plaintiff's email access and seized his company-issued laptop, thereby effectively ending his employment.

After leaving Acrisure, Plaintiff accepted a position with Howden U.S. *See* Dkt. 1 at 30.

  C.  Restrictive Covenants in the APA

The APA contains several restrictive covenants, including a non-competition and non-solicitation covenant. Dkt. 1-2 at 41–43. It defines a "Restricted Period" as the longer of: (a) the five year period immediately following the effective date of the APA; and (b) the one year period immediately following the date on which Plaintiff and his affiliates ceased to hold any equity securities of Acrisure Holdings. *Id.* at 45.

  D.  Restrictive Covenants in the Employment Agreement

The Employment Agreement contains several restrictive covenants, including a non-competition provision, an employee non-solicitation provision, and a client non-solicitation provision. *Id.* at 52–53. It defines a "Restricted Period" as beginning on the effective date of the Employment Agreement and ending three years after the termination date of Plaintiff's employment with Acrisure of California. *Id.* at 53. It also contains a forum selection clause providing that disputes under the Employment Agreement are governed by Michigan law and are subject to dispute resolution in Michigan courts. *Id.* at 56.

**III.  Request for Judicial Notice**

  A.  Legal Standards

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

District courts may take judicial notice of "records and reports of administrative bodies" as well as "undisputed matters of public record." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (quoting *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). This includes "documents on file in federal or state courts." *Harris*, 682 F.3d at 1132.

The party "requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source 'whose accuracy cannot reasonably be questioned.'" *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) (quoting *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992)).

  B.  Application

In the Application, Plaintiff seeks judicial notice of the following:

1. April 14, 2026 Complaint filed by Acrisure in the United States District Court, Western District of Michigan in the Michigan Action
2. April 27, 2026 brief by Acrisure of California's in support of its Motion for a Temporary Restraining Order in the Michigan Action
3. Declaration of Andrew Schutt, filed April 27, 2026 in support of its Motion for a Temporary Restraining Order in the Michigan Action
4. April 27, 2026 Temporary Restraining Order issued in the Michigan Action
5. Minute Order entered by the San Diego Superior Court in *Tucker v. Acrisure of California, LLC*, No. 23-CV-52326 (Sept. 20, 2024)
6. Order entered by the Northern District of Georgia, Atlanta Division in *William Hix v. Acrisure Holdings, Inc.*, No. 21-CV-4541 (July 18, 2022)
7. Order entered by the Western District of Michigan, Southern Division, in *Acrisure, LLC v. Marc Hudak*, No. 22-CV-17 (Feb. 4, 2022)
8. San Diego Superior Court Register of Actions in *Tucker v. Acrisure of California, LLC*, No. 23-CV-52326.
9. California Fourth District Court of Appeal Register of Actions in *Acrisure of California, LLC v. The Superior Court of San Diego County*, No. D084907
10. November 6, 2025 Ex Parte Application and Supporting Documents, which was filed by Scott J. Tucker and was downloaded from the San Diego Superior Court Register of Actions in *Tucker v. Acrisure of California, LLC*, No. 23-CV-52326.

In the Second Application, Plaintiff seeks judicial notice of the following, many of which are the same documents for which it seeks judicial notice in the Application:

1. April 27, 2026 Temporary Restraining Order issued in the Michigan Action
2. May 5, 2026 Order authorizing expedited discovery in the Michigan Action
3. May 6, 2026 Order extending the TRO through May 26, 2026 and scheduling the Motion for Preliminary Injunction for May 22, 2026 in the Michigan Action
4. Minute Order entered by the San Diego Superior Court in *Tucker v. Acrisure of California,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

*LLC*, No. 23-CV-52326 (Sept. 20, 2024)

5. Order issuing a TRO and issuing an OSC re Preliminary Injunction in *Feldman v. Guy Carpenter & Co.*, No. 19-CV-1066415 (Cal. Super. Ct. Orange Cnty. May 17, 2019)

Defendants have not opposed these requests. Further, these documents and records are properly subject to judicial notice. Accordingly, Plaintiff's Request for Judicial Notice is **GRANTED**.

## IV.    Analysis

### A.    Failure to Provide Notice

Acrisure contends that the Application should be denied because Plaintiff did not comply with the notice requirements governing an application for ex parte relief. Dkt. 15 at 11–12. The applicable Local Rule is 7-19.1. It provides:

> It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

Prior to filing the Application, Plaintiff's counsel notified Acrisure's counsel by email that Plaintiff would be seeking ex parte relief. Dkt. 9-1 at 3 ¶ 9. No oral notice was provided. *See* Dkt. 15 at 12.

"A district court has broad discretion over the application of its own local rules and it may overlook violations where there is no indication that the opposing party is prejudiced." *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1087 (E.D. Cal. 2006). *See also Pro. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("As noted, the district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake."); *Green v. Baca*, 306 F. Supp. 2d 903, 913 n.40 (C.D. Cal. 2004) ("The court, however, has broad discretion in the application of the local rules.").

Defendants received notice of the Application by email prior to when it was filed by Plaintiff. Dkt. 9-1 at 3 ¶ 9. There is no showing of any prejudice to Defendants because Plaintiff's counsel did not communicate the same information orally. Further, given the pendency of both this and the Michigan Action, and the proceedings in both, the effect of the absence of oral communications about the Application prior to its filing was minimal, particularly in light of the sophistication of parties and counsel. Accordingly, the Application is considered on the merits.

### B.    Comity

Acrisure contends that Plaintiff seeks an "anti-suit injunction" to halt the proceedings in the Michigan Action. *See* Dkt. 15 at 12–13. It argues that the standards governing such relief, as set forth in *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 991 (9th Cir.2006), are different than those that ordinarily apply to an application for a TRO, and that Plaintiff fails to address them. *Id.* Plaintiff disagrees that he seeks an anti-suit injunction. Dkt. 8 at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

As an initial matter, the test in *Gallo* applies to actions that seek to enjoin proceedings in the court of another country. *See Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012) ("We clarified our framework for evaluating a foreign anti-suit injunction in *Gallo,* 446 F.3d 984, and elaborated upon that framework in *Applied Medical* [*Distribution Corp. v. Surgical Co. BV*]*,* 587 F.3d 909."); *Zynga, Inc. v. Vostu USA, Inc.*, 816 F. Supp. 2d 824, 827 (N.D. Cal. 2011) ("Where the injunction sought would prevent a party from litigating similar claims in a foreign court, the standard [for obtaining preliminary injunctive relief] is different."). Because the request here affects domestic proceedings in another federal District Court, *Gallo* is distinguishable.

However, as a general principle, "[w]hen an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases." *Bergh v. State of Wash.*, 535 F.2d 505, 507 (9th Cir. 1976) (citing *Kahn Co. v. Switzer Bros.*, 201 F.2d 55 (6th Cir. 1952)); *see also Hastings v. U.S. Senate*, 887 F.2d 332 (D.C. Cir. 1989) ("a federal court should not hinder or encroach upon an action concerning the same issues pending in a coordinate federal court").

Plaintiff contends that the Application does not violate principles of comity, because Plaintiff "is not seeking a TRO enjoining Acrisure of California from filing or pursuing its action in Michigan" and the TRO and Order to Show Cause "will not enjoin the Michigan proceedings or otherwise prevent Acrisure of California from proceeding with its Michigan action." Dkt. 22 at 8. This is unpersuasive. The Application seeks to enjoin Acrisure from "attempting to enforce any non-competition or non-solicitation provision in any agreements entered into between Acrisure of California and Papazyan, including but not limited to such provisions contained in the [APA] and Employee Agreement . . . ." Dkt. 9 at 2. The Michigan Action was brought by Acrisure for the express purpose of enforcing the non-competition and non-solicitation provisions in the APA and Employment Agreement. *See* Michigan Action Dkt. 1 at 25–26. Thus, the injunction Plaintiff seeks would substantially limit Acrisure from proceeding with its claims in the Michigan Action.

Plaintiff's claim that he does not seek an anti-suit injunction is also inconsistent with the Second Application. The Second Application seeks the same relief sought in the initial Application. *See* Dkt. 22 at 2. It states that the reason that it has been filed is that the issues presented in the Application have become more exigent due to changed circumstances. *Id.* at 6. However, the only changed circumstances alleged are the rulings made by the District Court in the Michigan Action*, e.g.,* the authorization of expedited discovery, the extension of the time period of the TRO, and setting a hearing on the Motion for a Preliminary Injunction filed by Acrisure of California. *Id.* The contention that these developments, which are within the scope of the jurisdiction of the District Court in the Michigan Action, justify the Second Application because the matters raised are now more urgent, confirms that Plaintiff seeks an order that would affect the proceedings in the Michigan Action.

In light of the interim relief granted by the Distrct Court in the Michigan Action, including the issuance of the TRO and the order granting the Motion for Preliminary Injunction, Plaintiff's request in the Application and Second Application, if granted, would conflict with those rulings. Accordingly, this Court must use "greater restraint" when assessing the merits of the Application, and an injunction may be granted only if this is one of the "most unusual cases." *Bergh*, 535 F.2d 505, 507 (9th Cir. 1976).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
| --- | --- | --- | --- |
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

C.      Temporary Restraining Order

1.      Legal Standards

A TRO is a form of immediate relief whose purpose is to preserve the status quo pending a hearing on a request for a preliminary injunction. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (a TRO is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Fed. R. Civ. P. 65(b) sets forth the standards for the issuance of a TRO These are fundamentally the same as those that apply to a request for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A TRO and a preliminary injunction are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In determining whether to grant such relief, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). The moving party has the burden of persuasion. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006).

To obtain either a TRO or a preliminary injunction, the moving party must show the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of immediate or prompt relief; (3) the balance of equities tips in favor of the moving party; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. Where the non-moving party is a government entity, "the third and fourth factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

The Ninth Circuit applies a "sliding scale" approach to the requirements necessary for interim injunctive relief. Accordingly, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Pimental v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). Likelihood of success on the merits is "the most important factor" in determining whether interim, injunctive relief is warranted. *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 990 (9th Cir. 2020). If the moving party fails to show a likelihood of success on the merits, the court "need not consider the remaining three [*Winter* elements]." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

Alternatively, where a plaintiff establishes "serious questions going to the merits," and demonstrates "a balance of the hardships that tips sharply towards the plaintiff," a TRO or preliminary injunction may be warranted "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell* ("*Cottrell*"), 632 F.3d 1127, 1135 (9th Cir. 2011). *Cottrell* determined that this "serious questions" test, which requires a lesser showing as to success on the merits than the "likelihood of success" test, continues to apply following *Winter* when two conditions are met. *First*, the balancing of the equities must tip "sharply" in favor of movant. *Id. Second*, the other *Winter* factors -- irreparable harm and the public interest -- must be established. See *Farris v. Seabrook*, 677 F.3d 858, 864-65 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

2.      Application

Plaintiff claims that the restrictive covenants in the APA and Employment Agreement are invalid under California law. Dkt. 9 at 3. Acrisure contends that, under the terms of these agreements, Michigan law applies, but that even under California law, the covenants are enforceable. Dkt. 15 at 7.

There is a forum selection clause in the Employment Agreement. It provides that disputes are to be adjudicated in a court in Michigan and pursuant to Michigan law. Accordingly, there is a threshold question as to whether this District is an appropriate forum for the resolution of the disputes that are presented. The outcome of this question also governs the choice of law analysis, because "[a] federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 65 (2013). Thus, if the forum selection clause is valid, the case must be adjudicated in Michigan, and Michigan law will determine whether the parties' choice of law clause applies. *See id.* at 65–66. If the forum selection clause is invalid, California choice of law rules apply.

The Employment Agreement states in relevant part:

> All actions or proceedings arising from or related to this Agreement and for which a party seeks injunctive or equitable relief shall be brought only in a state court of competent subject matter jurisdiction in Kent County, Michigan, or in the federal courts of competent subject matter jurisdiction in the Western District of Michigan, Southern Division. Each party expressly and irrevocably consents to personal jurisdiction and venue in such courts, and agrees not to object to such jurisdiction or venue on the ground of *forum non conveniens* or otherwise.

Dkt. 9-2 at 23 (Employment Agreement § 17(d)).

The threshold question of whether a forum selection clause is valid is governed by the law of the state in which the district court considering the issue is located. *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963 (9th Cir. 2022). Under California law, a mandatory forum selection clause like the one in the Employment Agreement is given effect unless enforcement would be unreasonable or unfair. *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 147 (2015), *as modified on denial of reh'g* (June 25, 2015). A forum selection clause is reasonable if it has a "logical connection with at least one of the parties or their transaction." *Id.* However, "California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy." *Id.* (quoting *America Online, Inc. v. Superior Court*, 90 Cal.App.4th 1, 12 (2001)). Ordinarily, the party opposing enforcement of a forum selection clause "bears the 'substantial' burden of providing why it should *not* be enforced. *Id.* (quoting *Global Packaging, Inc. v. Superior Court*, 196 Cal.App.4th 1623, 1633 (2011)). However, the burden is reversed when the claims at issue are based on unwaivable rights created by California statues. *Id.*

Cal. Lab. Code § 925, the statute that the parties cite in connection with the choice of law analysis, also applies to forum selection clauses. It prohibits employers from requiring employees who primarily live and work in California to agree to a provision that would either "(1) Require the employee to adjudicate outside of California a claim arising in California" or "(2) Deprive the employee of the substantive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

protection of California law with respect to a controversy arising in California." Cal. Lab. Code § 925(a). Any provision that violates this subsection "is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute." § 925(b).

Cal. Lab. Code § 925(e) provides an exception to these limitations. Thus, where the employee is "in fact individually represented by legal counsel in negotiating the terms of an agreement[,]" the parties' contract may designate a venue, forum, or choice-of-law. Acrisure contends that this exception applies, because Plaintiff was individually represented by independent legal counsel in entering the Employment Agreement -- and presumably, the APA, which was entered at the same time. Dkt. 15 at 15–16. Plaintiff does not address this contention, including in the Second Application. Accordingly, it has not been shown that § 925 precludes the enforcement of the forum selection or choice-of-law clause in the Employment Agreement.

Although there is no statutory bar to the enforcement of the forum selection clause, the clause could be found invalid if it violates California public policy. *Verdugo*, 237 Cal. App. 4th at 147. In *Tucker v. Acrisure of California, LLC*, No. 23-CV-52326 (Cal. Super. Ct. Sept. 20, 2024), which is cited by Plaintiff, a California Superior Court addressed this issue in a similar action. There, a former California-based employee of Acrisure of California sought a declaratory judgment as to whether the noncompetition and non-solicitation clauses in his employment agreement with Acrisure of California were enforceable. *See* Dkt. 22-3 at 17–22. The Superior Court determined that the forum selection clause in employment agreement, which is similar to the one in the Employment Agreement in this action, was unenforceable due to "California's extraordinarily strong public policy disfavoring noncompete agreements." *Id.* at 21. In support of this position, it cited Cal. Bus. & Prof. Code § 16600, which "void[s] the application of any noncompete agreement in an employment context, or any noncompete clause in an employment contract, no matter how narrowly tailored, that does not satisfy an exception in this chapter." Cal. Bus. & Prof. Code § 16600(b)(1). *See also* § 16600.5(a) ("Any contract that is void under this chapter is unenforceable regardless of where and when the contract was signed.").

Cal. Bus. & Prof. Code § 16601 provides such an exception:

> Any person who sells the goodwill of a business, or any owner of a business entity selling . . . all of his or her ownership interest in the business entity, or any owner of a business entity that sells [] all or substantially all of its operating assets together with the goodwill of the business entity . . . may agree with the buyer to refrain from carrying on a similar business within a specified geographic area in which the business so sold, or that of the business entity, division, or subsidiary has been carried on, so long as the buyer, or any person deriving title to the goodwill or ownership interest from the buyer, carries on a like business therein.

Acrisure contends that this exception applies, because Plaintiff sold to Acrisure substantially all of the assets, including the goodwill, of GIA through the APA. Dkt. 15 at 17.

The Superior Court in *Tucker* considered a similar argument by Acrisure and determined that § 16601 did not apply to the employment agreement at issue there, because the sale of the plaintiff's business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

occurred through the asset purchase agreement. Dkt. 22-3 at 22 ("Simply put, the Employment and Purchase Agreements each contain their own noncompete and non-solicitation clauses. The noncompete clause in the Purchase Agreement is associated with the sale of J and S – the Employment Agreement is not."). However, this conclusion does not appear to be supported by either California appellate authority or the plain language of the statute.

In *Fillpoint, LLC v. Maas*, 208 Cal. App. 4th 1170 (2012), the owner of an insurance brokerage business sold it to another insurance company in one contract, and signed a separate employment agreement with that company. The Fourth District determined that § 16601 applied to both the employment and purchase agreements because they "must be read together as an integrated agreement," notwithstanding minor inconsistencies, because the agreements referenced each other, and the employment agreement contained an integration clause providing that the purchase agreement would prevail in the event of any conflicts between the terms of the agreements. *Id.* at 1181.

In this case, although there does not appear to be an express integration clause, the Employment Agreement and the APA cross-reference one another and have the same effective date. This supports a determination that they were part of the same transaction. *See* Dkt. 9-2 at 5, 10, 14. This is also logical because Plaintiff sold the assets of his business, GIA, to Acrisure of California, and simultaneously agreed to become employed by Acrisure of California so that he could continue to have a role in the business that he had created through GIA. Accordingly, the APA and the Employment Agreement should be viewed collectively, with the exception in Cal. Bus. & Prof. Code § 16601 applying to both.[1]

Further, in interpreting statutes, a court "looks first to the language of the statute; if clear and unambiguous, the court will give effect to its plain meaning." *See Young v. Gannon*, 97 Cal. App. 4th 209, 223 (2002). Section 16601 states, "[a]ny *person* who sells the goodwill of a business, or any *owner* of a business . . . may agree with the buyer to refrain from carrying out a similar business . . . ." (emphasis added). This language unambiguously applies to the seller of the goodwill of a business; it does not limit its scope to the specific contract in which the sale takes place.

For these reasons, Cal. Bus. & Prof. Code § 16600 does not bar the enforceability of the forum selection clause in the Employment Agreement.

Plaintiff also contends that the restrictive covenants violate California public policy that favors "open competition and employee mobility." Dkt. 9 at 11 (citing *Golden v. California Emergency Physicians Med. Grp.*, 896 F.3d 1018, 1022 (9th Cir. 2018)). However, the statutory exception to Cal. Bus. & Prof. Code § 16600 stated in Cal. Bus. & Prof. Code § 16601 undermines this position. It reflects that an exception to the California public policy against enforcement of noncompete clauses where a sale of a business or its assets has occurred.

Based on the foregoing, the forum selection clause applies and is enforceable. In light of the parallel action pending in the Western District of Michigan, and the pending Motion to Transfer in this action,

---

[1] This is not a determination as to whether the restrictive covenants contemplated within the APA and the Employment Contract are enforceable. See *Fillpoint*, 208 Cal. App. 4th at 1182 ("To conclude that the purchase agreement and the employment agreement should be read together begins, not ends, the analysis whether the covenant not to compete in the employment agreement is enforceable.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | No. 2:26-cv-04714-JAK (MBKx) | Date | May 27, 2026 |
|---|---|---|---|
| Title | Hakop Papazyan v. Acrisure of California, LLC et al. | | |

Plaintiff has not shown that it is likely to succeed on the merits of his claims in this action for the purposes of an *ex parte* TRO. Because the first and most important factor of the *Winter* and *Cottrel* tests have not been satisfied, it is not necessary to consider other factors. *See California by & through Becerra v. Azar*, 950 F.3d 1067, 1083 (9th Cir. 2020).

**V.     Conclusion**

For the reasons stated in this Order, the Application and Second Application are **DENIED**. This is not a determination as to Defendant's Motion to Transfer (Dkt. 14) or Motion to Dismiss (Dkt. 21). These motions will be evaluated in a separate order.

**IT IS SO ORDERED.**

_____   :   _____

Initials of Preparer          LC1